UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

VIVIAN GONZALES
VILLENURVE, ET AL.

CIVIL ACTION

VERSUS

NO. 17-303-SDD-EWD

NEW RIVER SHOPPING
CENTER, LLC

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 13, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

VIVIAN GONZALES
VILLENURVE, ET AL.

CIVIL ACTION

VERSUS

NO. 17-303-SDD-EWD

NEW RIVER SHOPPING
CENTER, LLC

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand[1] filed by plaintiffs, Vivian Gonzales Villenurve and Margaret Gonzales Kernan ("Plaintiffs"). The Motion to Remand is opposed[2] by defendant, New River Shopping Center, LLC ("New River"). For the reasons set forth herein, the undersigned recommends[3] that the Motion to Remand be DENIED.

In the event this report is adopted and Plaintiffs' Motion to Remand is denied, the undersigned further recommends that this matter be referred to the undersigned for a scheduling conference.[4]

### I.    Background

Plaintiffs are the sole remaining income beneficiaries, the sole principal beneficiaries, and the present named trustees of the Lester Gonzales Family Trust (the "Trust").[5] The instant suit is a continuation of an ongoing dispute between the parties regarding a 1976 lease of certain real property held by the Trust (the "Lease"). In 1976, American Bank and Trust Company, then

---

[1] R. Doc. 3.

[2] R. Doc. 8.

[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[4] The previous scheduling conference was canceled to allow resolution of the Motion to Remand. R. Doc. 10.

[5] *See*, Rule to Show Cause Why Possession Should Not Be Delivered, R. Doc. 1-1, ¶ 2.

trustee of the Trust, entered into a lease agreement with Memphis Apartments, Inc.[6]  The Lease agreement provided for annual rental of $8,400.00 for a primary term of thirty-seven (37) years and eight (8) months commencing August 1, 1976 and ending on March 31, 2014.[7]  The Lease granted the lessee "the right, privilege and option to extend this lease for five periods of ten years each on all of the same terms and conditions" with the exception of the rental amount.[8]  The Lease provided that the annual rental would increase $450.00 upon each validly exercised option to extend the Lease.[9]

On June 24, 2015, Plaintiffs filed a Petition for Declaratory Judgment against New River, the assignee of the Lease and the current sub-lessor to various businesses on the leased property, which was subsequently removed to this court on August 6, 2015.  *Vivian Gonzales Villenurve and Margaret Gonzales Kernan v. New River Shopping Center, LLC*, No. 15-517, United States District Court, Middle District of Louisiana (the "Declaratory Judgment Action").  Therein, in response to New River's December 19, 2013 notification that it was exercising the first ten year option to extend the Lease, Plaintiffs sought a declaration that the Lease "came to an end by its own terms on March 31, 2014" and that the options to extend the Lease were null.  Specifically, Plaintiffs argued that the $8,850.00 annual rental amount set forth in the Lease was "not serious consideration as rent" and was "out of all proportion with the value of the property in question" such that the options to extend contained in the Lease were invalid.[10]  Plaintiffs therefore sought

---

[6] R. Doc. 1-1, ¶ 4.

[7] R. Doc. 1-1, ¶ 5.

[8] R. Doc. 1-1, ¶ 5.  *See also*, Ground Lease, R. Doc. 1-1.

[9] Ground Lease, R. Doc. 1-1, ¶ 4 ("Lessor further grants to Lessee the right, privilege and option to extend this lease for five periods of ten years each on all of the same terms and conditions as contained herein with the exception of the rental.  The annual rental shall increase be the sum of Four Hundred Fifty and No/100 Dollars ($450.00) for each of the five renewal periods of ten (10) years each.").

[10] Declaratory Judgment Action, R. Doc. 1-2, ¶¶ 11 & 12.

to invalidate and/or reform the Lease renewal options for failure of or inadequate consideration, error, or insufficient security. On March 16, 2016, the court granted New River's Motion to Dismiss without prejudice.[11]

Following dismissal of the Declaratory Judgment Action, New River filed an Emergency Verified Complaint for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, Request for Order Exercising Judicial Control, and For Damages. *New River Shopping Center, LLC v. Vivian G. Villenurve and Margaret C. Kernan, individually and as trustees of the Lester Gonzales Family Trust*, No. 17-281, United States District Court, Middle District of Louisiana (the "Injunction Action"). In the Injunction Action, New River alleged that following dismissal of the Declaratory Judgment Action, the parties agreed that by April 26, 2017, New River would issue a new single rent check reflecting the balance of previous rental payments made (but not negotiated) in the amount of $27,212.50.[12] New River allegedly attempted to hand-deliver the check one day late, on April 27, 2017; however, Plaintiffs' counsel refused to accept the check and informed New River that Plaintiffs would proceed in taking steps to evict New River.[13] In light of Plaintiffs' assertion that they would move forward with eviction, New River filed the Injunction Action seeking, *inter alia*, a preliminary and permanent injunction "barring [Plaintiffs], and any person acting on their behalf, from taking steps to raise the rents owed under New River's lease with Defendants, cancelling the lease, and/or ejecting New River from the premises given that New River has not breached its lease with Defendants, and/or from taking any action to interfere with its contractual relations with its sublessees at the New River Shopping Center."[14]

---

[11] Declaratory Judgment Action, R. Doc. 20.

[12] Injunction Action, R. Doc. 1, ¶ 45.

[13] Injunction Action, R. Doc. 1, ¶¶ 50-52.

[14] Injunction Action, R. Doc. 1, Prayer for Relief. New River additionally asserts claims for, *inter alia*, bad faith breach of contract and/or compromise and abuse of rights, and seeks damages.

On May 5, 2017, the court denied New River's Motion for Temporary Restraining Order,[15] and, on May 11, 2017, following a hearing, the court denied New River's Motion for Preliminary Injunction.[16]

On May 9, 2017, Plaintiffs filed a Rule to Show Cause Why Possession Should Not Be Delivered in state court (the "Eviction Action"). The Eviction Action was removed to this court on May 10, 2017 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.[17] Per their Rule to Show Cause, Plaintiffs seek an order requiring New River to vacate the leased premises and putting Plaintiffs in full possession of the leased property.[18] Plaintiffs allege that they "declined to accept, negotiate and deposit rent checks received from New River Shopping Center, LLC beginning in January of 2014 in order to protect its legal position that the rental rate was insufficient"[19] and that following dismissal of the Declaratory Judgment Action, they requested New River reissue a rental check (in the amount of $27,212.50) by April 26, 2017. Plaintiffs contend that New River "failed to remit payment for past due rent within the time delays allowed"[20] such that Plaintiffs are "entitled to evict New River Shopping Center, LLC from the premises as set forth and permitted by the clear terms of the New River Lease."[21]

On May 10, 2017, Plaintiffs filed the instant Motion to Remand.[22] Therein, Plaintiffs argue that this court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this matter

---

[15] Injunction Action, R. Doc. 15.

[16] Injunction Action, R. Doc. 29. *See also*, Injunction Action, R. Doc. 32.

[17] R. Doc. 1, ¶ 3.

[18] R. Doc. 1-1.

[19] R. Doc. 1-1, ¶ 12.

[20] R. Doc. 1-1, ¶ 21.

[21] R. Doc. 1-1, ¶ 28.

[22] R. Doc. 3.

does not satisfy the amount in controversy requirement.[23]  Additionally, Plaintiffs contend that this court should choose to abstain from exercising jurisdiction over the Eviction Action.

## II.    Law and Analysis

### a.    Amount in Controversy

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1332(a), when original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  Remand is proper if at any time the court lacks subject matter jurisdiction.  *See*, 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).  If, however, the "State practice ... does not permit demand for a specific sum ... [removal] is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]."  28 U.S.C. § 1446(c)(2)(A)(ii)-(B).  "In order to remain in

---

[23] Plaintiffs do not contest that the parties are completely diverse.  Per the Notice of Removal, Plaintiffs are domiciled in Louisiana.  New River is alleged to be a limited liability company with two members, James H. Rifkin and Jane C. Packard, both alleged to be Florida domiciliairies.  R. Doc. 1, ¶ 14.

6

federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists." *Morton v. State Farm Ins. Co.*, Civil Action No. 08-208, 250 F.R.D. 273, 274 (E.D. La. Feb. 28, 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)).  The removing party may make this showing by either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"  *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 73 F.3d 1326, 1335 (5th Cir. 1995)).

Plaintiffs argue that they "have filed suit for eviction on the basis that they have not received past due rent which currently stands in the amount of $27,212.50, far less than the required jurisdictional amount."[24]  However, the Fifth Circuit has established that "[t]he value to the plaintiff of the right to be enforced or protected determines the amount in controversy." *Alfonso v. Hillsborough County Aviation Authority*, 308 F.2d 724, 727 (5th Cir. 1962).  *See also*, *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) ("In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy.").  In *A. Levet Properties Partnership v. Bank One, N.A.,* Civ. A. 03-1708, Civ A. 03-1373, 2003 WL 21715010, at * 2 (E.D. La. July 21, 2003), the Eastern District of Louisiana considered whether the amount in controversy was met in the context of a removed state court summary eviction proceeding.  The court explained that "[u]nder Louisiana law, summary eviction proceedings involve the single issue of whether the owner is entitled to possession of the property." *Id*. (citations omitted).  The court reasoned that in order to determine the amount in controversy,

---

[24] R. Doc. 3-1, p. 4.

it was necessary to "value only the right of possession." *Id.* "To determine the value of the right of possession, the Court must determine the marginal change in plaintiff's economic position if it obtains possession. To do this, the Court compares the plaintiff's economic position with and without possession." *Id.* at * 3. "In determining the value of possession…courts may look to 'the difference between the rent received from [a] new tenant and the rent [plaintiff] would have received from [defendant].' Alternatively, if defendant 'were unable to pay rent under the lease, then possession would give [plaintiff] the ability to re-lease the premises to another tenant, and the value of possession would be the rent [plaintiff] could collect from a new tenant.'" *Wright v. AT&T Mobility, LLC*, Civil Action No. 13-136, 2013 WL 1558323, at * 3 (E.D. La. April 10, 2013) (denying motion to remand and finding amount in controversy established based on comparison of amounts currently received from defendant and rental amounts plaintiff would be able to collect if defendant was evicted) (citing *A. Levet*).

Per the Lease, the annual rental payment due for the first ten year option period is $8,850.00, or a total of $88,500.00 for the entire ten year period. In their Rule to Show Cause, Plaintiffs allege that they previously contested "the sufficiency of the current rent due under the subject New River Lease as the rent was out of all proportion with the value of the land subject to the New River Lease"[25] and that on March 12, 2014, Plaintiffs offered a "compromise whereby the rent associated with the New River lease be increased to approximately 75% of the present fair market rental of the property subject to the New River lease."[26] Per their March 12, 2014 letter, Plaintiffs asserted that a "very conservative fair market rental value would be approximately $122,000 per year today."[27] Accordingly, per Plaintiffs' own estimation, the fair market rental

---

[25] R. Doc. 1-1, ¶ 9.

[26] R. Doc. 1-1, ¶ 10.

[27] R. Doc. 1-7.

value for the entire ten year period would be at least $1,220,000.00. Comparing this ten year value ($1,220,000.00) to the amount Plaintiffs will receive pursuant to the Lease ($88,500.00) yields a difference of $1,131,500.00.[28] Based on such calculations, New River has carried its burden of establishing it is more likely than not that the amount in controversy in this action exceeds the jurisdictional threshold.[29]

### b. Abstention

Plaintiffs additionally argue that "[m]any federal courts choose to abstain from summary eviction proceedings and landlord tenant disputes in general on the principles of comity and federalism as to hear these cases would not only overburden the federal system but would also completely emasculate the state structure for dealing with such disputes."[30] Although Plaintiffs "acknowledge abstention on the basis of landlord tenant matter [sic] is not a blanket policy upheld by all federal courts,"[31] Plaintiffs argue that the "'landlord-tenant relationship is fundamentally a matter of state law and…federal courts appropriately abstain from adjudicating those actions as they involve complex questions of state law.'"[32] As the party asking this court to abstain from exercising federal jurisdiction, Plaintiffs bear the burden of showing abstention is proper. *See*, *National Cas. Co. v. Gonzalez*, 637 Fed. Appx. 812, 816 (5th Cir. 2016). However, Plaintiffs do

---

[28] Likewise, even assuming that Plaintiffs renegotiated the annual rental payment to be 75% of the asserted fair market rental value as apparently offered in Plaintiffs' March 12, 2014 correspondence, the difference between the annual rent sought ($915,000.00) and that set forth under the Lease ($88,500.00) would be $826,500.00.

[29] Moreover, in his Declaration attached in opposition to the Motion to Remand, James Rifkin, the managing member of New River, asserts that "[o]n an annual basis, New River nets from $200,000 to $300,000 in income from the New River Shopping Center after expenses." R. Doc. 8-6, ¶ 4.

[30] R. Doc. 3-1, pp. 2-3 (citing *Glen 6 Assocs., Inc. v. Dedaj*, No 91 CV 0490, 770 F.Supp.225 (S.D.N.Y. Aug. 28, 1991)).

[31] R. Doc. 3-1, p. 3.

[32] R. Doc. 3-1, p. 2 (citing *Ortiz v. Hillard*, Civil Action No. H-10-mc-0156, 2010 WL 2195652, * 2 (S.D. Tex. June 1, 2010) (citing *United Mut. Houses, L.P. v. Andujar*, No 02 CV 3503, 230 F.Supp.2d 349, 254 (S.D.N.Y. July 8, 2002)).

not explicitly assert which type of abstention they contend should apply here, and instead ask this court to abstain based on "principles of comity and federalism"[33] and rely primarily on non-controlling decisions by New York district courts.

Plaintiffs rely on *Glen 6 Assoc., Inc. v. Dedaj*, No. 91 Civ. 0490, 770 F.Supp. 225 (S.D.N.Y. Aug. 28, 1991). There, a landlord commenced summary proceedings to regain possession of leased premises from defendants. Defendants removed the suit to federal court on the basis of diversity jurisdiction. *Id*. at 227. The *Glen 6* court highlighted the distinctions between the general rules of federal civil procedure and New York summary procedures, and reasoned that because "[n]o authorization for summary adjudication of landlord/tenant disputes is provided in the federal rules of procedure nor in any other statute governing procedure in the district court," "the summary process filed by plaintiff could not have been brought here originally and as such, this court lacks subject matter jurisdiction." *Id*. at 228. Alternatively, the *Glen 6* court found that "the doctrine of abstention dictates remand." *Id*. In so finding, the court noted that the eviction proceeding did not implicate federal rights and that landlord/tenant matters were "best litigated" in a "local forum." *Id*. Further, the court explained that "the law of landlord/tenant relations is strongly grounded in public policy" and that "landlord/tenant law is continually evolving and to a certain extent is unsettled…." *Id*. Finally the court expressed concern regarding the potential burden upon the federal system and providing an avenue for a tenant to delay eviction proceedings (which would otherwise be summary in nature) through removal to federal court. As the court explained:

> The New York state courts are filled with thousands of summary eviction proceedings. In most of them the tenant seeks to delay the process as long as possible. If we accept the removal of these cases to federal court, we will not only overburden the federal system but will also completely emasculate the state structure for dealing with such disputes. Principles of comity and federalism thus dictate that

---

[33] R. Doc. 3-1, p. 3.

we abstain and this matter is remanded to the state system to effectuate the abstention.

*Id*. at 229.

Plaintiffs are correct that a number of New York district court cases have abstained from eviction proceedings based upon the reasoning of *Glen 6*.  *See*, *e.g.*, *MRM Management Co. v. Ali*, No. 97 CV 1029, 1997 WL 285043 (E.D.N.Y. May 27, 1997) ("In accordance with the reasoning set forth in *Glen 6 Associates*, the Court abstains from this matter and remands the case to the state system.").  However, Plaintiffs present no controlling authority from this Circuit requiring such approach.  The Fifth Circuit has held that the summary nature of a state court proceeding does not preclude that suit from "being a 'suit at common law or in equity' for federal jurisdictional purposes." *Weems v. McCloud*, 619 F.2d 1081, 1088 (5th Cir. 1980).[34]  As explained by the court in *Weems*, "'the state cannot, by creating special proceedings or special tribunals, deprive the federal court of jurisdiction of such a suit or prevent a removal.'"  *Id*. (quoting *In re Silvies River*, No. 5,704, 199 F. 495 (D. Or. 1912). *See also*, *id*. (explaining that different state court procedures do not prevent removal, "'[i]f this were possible, then the only thing the legislature of a State would have to do to destroy the right of removal entirely would be to simply change and modify the details of procedure.'") (quoting *Madisonville Traction Company v. Saint Bernard Mining Co.*, 196 U.S. 239 (1905)).  *See also*, *Safeway, Inc. v. Sugarloaf Partnership, LLC*, 04 CV 3929, 05 CV 679, 423 F.Supp.2d 531, 535-536 (D. Md. March 27, 2006) ("the presence of different or more expeditious procedures in state court is not a reason to deny the existence of federal diversity jurisdiction.").

---

[34] In *Weems*, actions were brought by bankruptcy trustee and the FDIC seeking confirmation of nonjudicial sales of property.  Georgia law provided a specific summary procedure for confirmation, and defendants challenged the federal court's jurisdiction to hear the case.

A federal court has a "'virtually unflagging' duty to adjudicate a controversy that is properly before it" and may abstain from exercising subject matter jurisdiction "only under 'exceptional circumstances.'" *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014) (internal citations omitted).[35] As discussed above, district courts in Louisiana have on multiple occasions considered whether federal diversity jurisdiction may be exercised in removed eviction proceedings based on a consideration of the value of the right of possession. *See*, *e.g.*, *Wright*, 2013 WL 1558323 (finding it more likely than not that the value of possession met the amount in controversy requirement).[36]

Moreover, while the issue of abstention was not addressed in *Weems*, that court affirmed the lower court's decision to strike counterclaims as outside the scope of the state procedures, explaining that in "special statutory proceedings," "courts have refused to strictly apply the Federal of Civil Procedure...." *Id*. at 1094. Following *Weems*, this court has previously refused to remand a state court summary proceeding under the Louisiana Wage Penalty Statute removed pursuant to diversity jurisdiction. *McDowell v. Perkinelmer Las, Inc.*, Civ. A. 05-131, 369 F.Supp.2d 839 (M.D. La. May 16, 2005). There, plaintiff argued that the court should exercise its discretion to

---

[35] Plaintiffs also cite a number of cases in which the court considered whether state eviction proceedings raised a federal question supporting subject matter jurisdiction pursuant to 28 U.S.C. § 1331. In *Ortiz v. Hillard*, Civil Action No. H-10-mc-0156, 2010 WL 2195652, at * 2 (S.D. Tex. June 1, 2010), the court found that plaintiff's eviction suit did not raise a federal question despite defendant's position that the eviction was unlawful under the Federal Fair Housing Act, the Fourth Amendment, and the Fourteenth Amendment. In granting remand, the court explained that plaintiff's "well-pleaded complaint does not contain any question of federal law. Landlord-tenant disputes and eviction actions are typically state law claims" and cited *United Mutual Houses, LP v. Andujar*, No. 02 CIV 3503, 230 F.Supp.2d 349, 354 (S.D.N.Y. July 8, 2002). In *Andujar*, the New York district court similarly concluded that plaintiff's eviction action did not necessarily require resolution of a federal question and explained that it was appropriate for a federal court to abstain from landlord-tenant actions as they involve complex questions of state law. 230 F.Supp.2d at 353. In *Ortiz*, the issue was whether plaintiff's petition presented a federal question, an issue not raised in this suit. To the extent *Ortiz* also cited *Andujar*, a case which includes the New York court's abstention position, such citation was not necessary for the *Ortiz* court's holding and in any event would not be controlling on this court.

[36] Subsequent to the ruling on the Motion to Remand in *Wright*, the court denied plaintiff's motion to dismiss based on *Colorado River* abstention. *Wright v. AT&T Mobility, LLC*, Civil Action No. 13-136, 2013 WL 2903084 (E.D. La. June 12, 2013).

remand the case "because of the unique summary proceedings permitted under the Louisiana statute which are not allowed under federal law." *Id*. at 841. This court refused to abstain, and refused to remand under the doctrine set forth in *Glen 6*. Rather than remanding, the court considered the summary nature of the removed proceeding, and put in place an expedited trial schedule. *Id*. at 847-848. *See also*, *Goldman Sachs Bank USA v. Moreno*, Civil Action No. 15-2018, 2015 WL 5519407, at * 3 (W.D. La. Sept. 15, 2015) ("for the reasons noted in *Weems*, this Court will adhere to Louisiana's system of executory process."). Given this court's duty to adjudicate controversies over which it has original subject matter jurisdiction, and Plaintiffs' failure to provide controlling authority requiring this court to abstain from exercising such jurisdiction, abstention here would be inappropriate, and the undersigned recommends that Plaintiffs' Motion to Remand be denied.[37] However, in the event this report is adopted and this matter is referred to the undersigned for a scheduling conference, the undersigned further recommends that prior to any such scheduling conference and in conjunction with the parties' joint status report, each party submit briefing, not to exceed five (5) pages, addressing the appropriate procedures and delays for this action and whether the Federal Rules of Civil Procedure should be modified in light of Louisiana's statutory eviction procedures.

---

[37] Plaintiffs assert that in the Injunction Action, this court "correctly noted…this matter would [be] proper in Louisiana state court." R. Doc. 3-1, p. 2. In the May 5, 2017 Ruling denying New River's Motion for Temporary Restraining Order, this court considered New River's request to, *inter alia*, enjoin Plaintiffs from ejecting New River from the premises and noted that:

> The action threatened by [Plaintiffs] is eviction for alleged late payment of rent. Whether eviction, under the fact presented, is legally available is a question of state law. This Court declines to prophylactically preclude a state court from determining the legal viability of an action for eviction under the facts presented.

Injunction Action, R. Doc. 15, pp. 3-4. As set forth above, at the time this court denied New River's Motion for Temporary Injunction, the Eviction Action had not been filed or removed to this court. The issue of abstention was not before the court in the context of the Motion for Temporary Injunction. Moreover, this court issued a ruling on the Motion for Temporary Restraining Order as well as the Motion for Preliminary Injunction; *i.e.*, it did not abstain.

III.    **Conclusion**

For the reasons set forth herein, the undersigned recommends that the Motion to Remand[38] be DENIED.

In the event this report is adopted and Plaintiffs' Motion to Remand is denied, the undersigned further recommends that this matter be referred to the undersigned for a scheduling conference, and that prior to any such scheduling conference and in conjunction with the parties' joint status report, each party submit briefing, not to exceed five (5) pages, addressing the appropriate procedures and delays for this action and whether the Federal Rules of Civil Procedure should be modified in light of Louisiana's statutory eviction procedures.

Signed in Baton Rouge, Louisiana, on September 13, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[38] R. Doc. 3.