**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

VIVIAN GONZALES
VILLENURVE, ET AL.

CIVIL ACTION

VERSUS

17-303-SDD-EWD

NEW RIVER SHOPPING
CENTER, LLC

**RULING**

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by Defendant, New River Shopping Center, LLC ("New River" or "Defendant"). Plaintiffs, Vivian G. Villenurve and Margaret C. Kernan ("Plaintiffs") have filed an *Opposition*,[2] to which Defendant has filed a *Reply*[3]. For the following reasons, the Motion will be GRANTED.

**I.     PROCEDURAL POSTURE AND FACTUAL BACKGROUND**

This is the latest round in a suit of an ongoing dispute between the Parties regarding a 1976 lease of certain real property held by the Lester Gonzales Family Trust.[4] The Plaintiffs are the named trustees and the sole income and principal beneficiaries of the Lester Gonzales Family Trust ("Trust").[5]

In 1976, American Bank and Trust Company, a previous trustee of the Trust, entered into a lease agreement ("Lease") with Memphis Apartments, Inc. for Memphis

---

[1] Rec. Doc. 12.
[2] Rec. Doc. 17.
[3] Rec. Doc. 23.
[4] Rec. Doc. 1-1, ¶ 5.
[5] Rec. Doc. 1-1, ¶ 1.

Apartments to lease property with an annual rent of $8,400.00 paid for in monthly installments of $700.00 per month.[6] The Lease was for a primary term of thirty-seven (37) years and eight (8) months beginning August 1, 1976 and ending on March 31, 2014, with an option to extend the lease for five periods of ten (10) years with the same terms except an increase in the rental amount.[7]

In 1978, Memphis Apartments, Inc. assigned the Lease to Thomas Green and Nelson Bowers, who then assigned the lease to James Rifkin.[8] In 1984, James Rifkin assigned the Lease to Consolidated Investments Limited Partnership, who in 2008 transferred all rights, title, and interest in the Lease to New River Shopping Center, LLC ("New River").[9] New River subleased portions of the Leased property to Office Depot and Specialty Retailers LP (Stage), who have both entered it a Fee Owner Recognition Agreement with Hancock Bank of Louisiana, a previous trustee of the Trust.[10]

The Trust filed a *Petition for Declaratory Judgment* in state court on June 24, 2015 against New River, and Defendants removed to this Court on August 6, 2015.[11] The Trust filed the *Petition* in response to New River exercising their first ten year option to extend the lease. The Trust argued that the Lease ended by its own term on March 31, 2014 and that the options to extend were null.[12] Specifically, the Trust asserted that the rent was not serious consideration based on the value of the property in question.[13] The Trust then

---

[6] *See* 17cv00281-SDD-RLB, Rec. Doc. 1-1, ¶ 12.
[7] The rent would increase by $450.00 upon each option to extend the Lease. Rec. Doc. 1-1, ¶ 5, *See* 17cv00281-SDD-RLB, Rec. Doc. 1-1.
[8] *See* 17cv00281-SDD-RLB, Rec. Doc. 1-1, ¶ 11.
[9] Rec. Doc. 12-4.
[10] Rec. Docs. 12-5 and 12-6.
[11] *Vivian Gonzales Villenurve and Margaret Gonzales Kernan v. New River Shopping Center, LLC*, No. 15-517, United States District Court, Middle District of Louisiana ("Declaratory Judgment Action").
[12] Rec. Doc. 1-1 ¶ 9.
[13] Rec. Doc. 1-1 ¶ 8-12.
46063

sought to invalidate or reform the Lease renewal option based on alleged inadequate consideration.[14] On March 16, 2016, this Court granted the Defendant's *Motion to Dismiss* without prejudice.[15]

On May 1, 2017, New River filed an Emergency Verified Complaint for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, Request for Order Exercising Judicial Control, and For Damages. *New River Shopping Center, LLC v. Vivian G. Villenurve and Margaret C. Kernan, individually and as trustees of the Lester Gonzales Family Trust*, No. 17-281, United States District Court, Middle District of Louisiana (the "Injunction Action"). New River alleged that the Trust breached their lease agreement.[16] This Court denied New River's emergency motion for temporary restraining order on May 5, 2017[17] and denied New River's Motion for Preliminary Injunction on May 11, 2017.[18] The Trust filed a Motion to Dismiss on May 2, 2017[19] and the Court denied the motion on February 1, 2018.[20]

On May 9, 2017, the Trust filed a Rule to Show Cause Why Possession Should Not Be Delivered to evict New River from the leased property for failure to remit payment of past due rent.[21] After declining to accept or deposit the received rent checks from New River beginning in January 2014, the Trust requested that New River issue a new check for the past due rent by April 26, 2017.[22] The Trust maintained that New River failed to

---

[14] Rec. Doc. 1-1 ¶ 14.
[15] *Id.*
[16] 17cv00281-SDD-RLB, Rec. Doc. 1.
[17] *Id.* at Rec. Doc. 15.
[18] *Id.* at Rec. Doc. 29.
[19] *Id.* at Rec. Doc. 6.
[20] *Id.* at Rec. Doc. 41.
[21] Rec. Doc. 1-1.
[22] Rec. Doc 1-1, ¶ 20.
46063

remit the past due rent within the deadline and sought an order requiring New River to vacate the leased property.[23] This action was removed on May 10, 2017 to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332 for the complete diversity of citizenship between the Parties and the amount in controversy exceeding $75,000.000.[24]

On May 10, 2017, the Trust filed a Motion to Remand arguing this Court lacked subject matter jurisdiction under 28 U.S.C. § 1332 because the matter did not satisfy the amount in controversy requirement.[25] The Trust's Motion to Remand was denied on November 6, 2017.[26] By the procedural and factual history it is clear that the Trust is mightily dissatisfied with the contractual lease bargain made some many years ago. The Trust seeks to evict the current Sublessees for alleged breaches by the principal lessee, New River. New River moves for summary judgment concluding that the Trust failed to provide requisite notice of default under the Lease – said notice being a condition precedent to any eviction proceedings.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[27] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing

---

[23] *Id.*
[24] *Id.*
[25] Rec. Doc. 3.
[26] Rec. Doc. 19.
[27] Fed. R. Civ. P. 56(a).
46063

the evidence."[28] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[29] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[30] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[31]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[32] All reasonable factual inferences are drawn in favor of the nonmoving party.[33] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[34] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; the plaintiff [can]not rest on his allegations … to get to a jury without any 'significant probative evidence tending to support

---

[28] *Delta & Pine Land v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[29] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552 (1986))).
[30] *Rivera v. Houston Indep. Sch. Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[31] *Willis v. Roche Biomedical Labs.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[32] *Pylant v. Hartford Life & Accident*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[33] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[34] *RSR v. Int'l. Ins.*, 612 F.3d 851, 857 (5th Cir. 2010).
46063

the complaint.'"[35]

### B. Notice of Default

This claim is before the Court under 28 U.S.C. § 1332, diversity jurisdiction, therefore the Court must apply state law to the matter.[36] Under the Louisiana Civil Code, "the contract of lease is governed under the rules of 'Obligations in General' and 'Conventional Obligations or Contracts.'"[37]

The sole issue before the Court is whether the Trust followed the proper eviction procedure under the Lease and sent notice of default to all parties required under paragraph 16.1. To survive New River's motion, the Trust must provide evidence that notice of default was sent to Office Depot and Specialty Retailers ("Sublessees").[38]

Paragraph 16.1 of the Lease describes the requirement to terminate the lease:

> If at any time, any rental or other charge shall be in arrears and unpaid for a period of thirty (30) days after it shall become due, or if any of thirty (30) days after it shall become due, or if any of the agreements to be performed by Lessee shall not be performed as stipulated within a period of thirty (30) days after the date performance was due, then Lessor, at Lessor's option, **upon first giving thirty (30) days written notice to Lessee and to any mortgagee, sublessee or assignee**…shall have the right to enter upon the leased premise at any time after the expiration of the thirty (30) day written notice period, take possession of the premises and bring suit for collection of any rentals or other charges which may have accrued up to the time of such re-entry, provided that Lessee or any other mortgagee, assignee, or sublessee, during the thirty (30) day period after written notice shall have been given, shall have the right to settle and pay in full any rightful claim of Lessor under this lease which are then delinquent, or take any other action necessary to cure Lessee's default, and further provided that such thirty (30) day period shall be extended, if necessary, in the event that Lessee or

---
[35] *Nat'l Ass'n of Gov't Employs v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[36] *See Erie R.R. Co. v. Tompkins*, 304 US. 64 (1938).
[37] La. Civ. Code art. 2669.
[38] Initially, the Trust claims the Motion for Summary Judgment is premature because the Court has not adopted the Magistrate Judge's recommendation to deny Plaintiff's Motion to Remand and cannot decide this matter before establishing jurisdiction. On November 6, 2017, this Court adopted the Magistrate Judge's recommendation and denied Plaintiff's Motion to Remand. *See* Rec. Doc. 19.
46063

> any mortgagee, assignee or sublessee shall commence within that time to cure the default and shall thereafter diligently pursue such efforts to completion.[39]

A lease is "a synallagmatic contract by which one party, the lessor, binds himself to give the other party, the lessee, the use and enjoyment of a thing for a term in exchange for a rent that the lessee binds himself to pay."[40] The interpretation of a contract is based on the common intent of the parties.[41] Louisiana Civil Code Article 2046 states, "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."[42] "When the language of a contract is clear and unambiguous, a court must interpret the contract solely by reference to the four corners of the document."[43]

New River maintains that it is an undisputed fact the Trust failed to comply with the terms of the lease by failing to notify the Sublessees of New River's alleged default.[44] New River cites to specific provisions in both the Lease and Fee Owner Agreement that clearly require the lessor to send notice of default to both the leasee and any sublessees.[45] New River also cites to testimony from the preliminary injunction hearing where Ms. Kernan, a trustee, testifies she was not aware of any notice of default sent to the Sublessees.[46] New River primarily relies on *Taylor v. Manuel*, where a lessor evicted

---

[39] Rec. Doc. 1-1, p. 6, ¶ 16.1(emphasis added). Paragraph 5 of both Fee Owner Agreements for Office Depot and Stage, respectively, states the Primary Lessor, in this case the Trust, has the responsibility to forward a copy of all notices given to the Lessee, New River, under the Primary Lease. *See* Rec. Doc. 12-5, p. 2, ¶ 5; Rec. Doc. 12-6, p. 3, ¶ 5.
[40] La. Civ. Code art. 2668.
[41] La. Civ. Code art. 2045.
[42] La. Civ. Code art. 2046.
[43] *Taylor v. Manuel*, 2001-0653 (La. App. 3 Cir. 10/31/01), 799 So. 2d 812, 815.
[44] Rec. Doc. 12-1.
[45] Rec. Doc. 12-1, p. 7.
[46] Rec. Doc. 12-16, p. 6-7.
46063

his lessee without giving him notice, ignoring the notice provision of fifteen days required by the lease.[47]

The Louisiana Code of Civil Procedure states:

> When a lessee's right of occupancy has ceased because of the termination of the lease by expiration of its term, action by the lessor, nonpayment of rent, or for any other reason, and the lessor wishes to obtain possession of the premise, the lessor or his agent shall cause written notice to vacate the premises to be delivered to the lessee. The notice shall allow the lessee not less than five days from the date of its delivery to vacate the leased premises.[48] The definition of a "lessee" in the Code of Civil Procedure includes sublessees.[49]

Both *Taylor* and the eviction article in the Code of Civil Procedure stand for the principle that proper notice is the first requirement to initiate an eviction proceeding.

When a lease clearly offers a remedy in the form of a notice and opportunity to cure the default, the parties must follow these requirements.[50] Both the Lease and the Fee Owner Recognition Agreement stipulate that the Trust must notify the Sublessees of default and forward copies of any notices to the Sublessees.[51] The Louisiana Supreme Court has held that a "contract is the law between the parties…"[52] "When the language of a contract is clear and unambiguous, a court must interpret the contract solely be reference to the four corners of the document."[53] The words and intentions of the parties are plainly stated in both the Lease and the Fee Owner Agreements' specific that notice be sent to both the lessee and any sublessees in the event of default, regardless of which

---

[47] 799 So. 2d at 815.
[48] La. Code Civ. Proc. Art. 4701.
[49] La. Code Civ. Proc. Art. 4704.
[50] *Environmental Safety & Health Consulting Services v. Crest Energy* Partners, L.P. No. 13-cv-5747, 2015 WL 245258 *5 (E.D. La. May 21, 2015); *Taylor* at 815.
[51] *See* Rec. Doc. 1-1, p. 17, ¶ 16.1. *See also*, Rec. Doc 12-5 and 12-6, ¶ 5.
[52] *Lobell v. Rosenberg*, No. 2015-C-0247, 186 So.3d 83, 88-89 (La. 2015) (internal citations omitted).
[53] *Id.* at 89.
46063

party was at fault.

In response, the Trust contends that New River has not provided sufficient proof that notice was not received and that there is a genuine issue of material fact of whether the Sublessees received notice of the default.[54] The Trust does not present any evidence that the default notice was sent to the Sublessees. Summary Judgment is appropriate when there is no genuine issue of material fact.[55] The Trust cannot create a material issue of fact on the hope that the Sublessees might have received notice short of any evidence of notice. The Trust cannot extinguish their duty to notify the Sublessees of New River's default by transferring the duty to New River or arguing it does not exist without presenting any evidence the original Lease was modified.

### III. CONCLUSION

For these reasons stated above New River's *Motion for Summary Judgment* is GRANTED.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on August 13, 2018.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[54] Rec. Doc. 17, p. 7.
[55] Fed. R. Civ. 56(c).
46063